# United States District Court
## District of North Dakota

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: __2:11-CR-21__ |
| **Mark Alan Lindgren** | USM Number: 10894-059 |
| | Alexander F. Reichert |
| | Defendant's Attorney |

**THE DEFENDANT:**

pleaded guilty to count: <u>ONE (1) and TWO (2) of the Indictment</u>.

Accordingly, the defendant is adjudged guilty of such count, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and 2255(b)(1) | Distribution of Materials Involving the Sexual Exploitation of Minors | 06/16/09 | 1 |
| 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2) | Possession of Materials Involving the Sexual Exploitation of Minors | 09/30/09 | 2 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100 on count 1 and $100 on count 2, for a <u>total of $200</u>, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick, U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota 58102.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

February 23, 2012
Date of Imposition of Judgment

*/s/ Ralph R. Erickson*
Signature of Judicial Officer

RALPH R. ERICKSON, Chief U.S. District Judge
Name & Title of Judicial Officer

Feb. 28, 2012
Date

| | |
|---|---|
| CASE NUMBER: 2:11-CR-21 | Judgment - Page 2 of 6 |
| DEFENDANT: Mark Alan Lindgren | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for <u>a period of 144 months on count 1, and a period of 120 months on count 2 to run concurrent with count 1. The total term of imprisonment is 144 months.</u>

The court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be allowed to participate in sex offender treatment while in the walls of the institution.

2. That the defendant be permitted to participate in the 500 hour Residential Drug Abuse Treatment Program (RDAP) of the Bureau of Prisons, and that he be afforded any benefit from successful completion of this program.

3. That the defendant be placed in a facility most closely located to his permanent place of residence, which is New Rockford, North Dakota.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:     2:11-CR-21                                                     Judgment - Page 3 of 6
DEFENDANT:       Mark Alan Lindgren

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of LIFE .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

2. The defendant shall participate in psychological/psychiatric counseling and/or sex offender program, which may include inpatient treatment as approved by the probation officer. The defendant shall abide by all rules, requirements and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraphs, and Abel testing, and shall take all prescribed medication.

3. The defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment provider information to the probation officer to monitor the defendant's progress. The probation officer shall disclose the Presentence Report, and/or any previous sex offender or mental health evaluations to the treatment provider.

4. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

5. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

6. The defendant shall not possess any materials, including pictures, photographs, books, writing, drawings, computer images, videos, or video games, depicting and/or describing "sexually explicit conduct" as defined at 18 U.S.C. § 2256(2) and 2256(8).

7. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 except: (1) in the presence of the parent or legal guardian of said minor, and (2) on the condition that the defendant notifies said parent or legal guardian of his conviction of the instant offense. This provision does no encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary and usually commercial services.

8. The defendant shall not be allowed to reside in the home, residence, or be in the company of any child under the age of 18; or date or socialize with anybody who has children under the age of 18, without prior approval of the United States Probation Office.

9. The defendant shall not reside or loiter within 100 feet of schoolyards, playgrounds, arcades or other places, establishments and areas primarily frequented by children under the age of eighteen.

10. The defendant may not engage in any paid occupation or volunteer service which exposes him either directly or indirectly to minors, unless approved in advance by the United States Probation Office.

11. The defendant shall allow the United States Probation officer, at any reasonable time, to make periodic unannounced examinations of his computer, hardware, and software, which may include the retrieval and copying of all data from the computer.

12. The defendant shall maintain a complete, current inventory of his computer access, including but not limited to any bills pertaining to computer access, telephone bills used for modem access, or other charges accrued in the use of a computer, and submit those documents whenever requested by the United states Probation Officer.

13. The defendant shall consent to third-party disclosure to any employer or potential employer concerning computer-related restrictions that are imposed upon him, unless excused by the United States Probation Officer.

14. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes on any media. The defendant shall, upon demand, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.

15. The defendant shall not possess or use any computer or other device with access to any on-line computer service without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, gaming system, console or any other public or private computer network or other such device which would enable contact and/or the sharing of data with other individuals known and unknown to the defendant. The defendant shall not have access to a modem during his term of supervision without the prior approval of the United Sates Probation Officer.

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 2:11-CR-21 | Judgment - Page 5 of 6 |
| DEFENDANT: | Mark Alan Lindgren | |

16. As directed by the Court, if during the period of supervised release the supervising probation officer determines that defendant is in need of placement in a Residential Re-Entry Center (RRC), the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F.3d 1073 (8th Cir. 2000)..

Court finding supporting special conditions:

1. The defendant has been diagnosed as suffering from pedophilia.

2. The defendant has a history of substance abuse and compulsive obsession with child pornography which if not in remission could poss a risk to children.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                 Defendant                                                                  Date

           _____     _____
           U.S. Probation Officer/Designated Witness                          Date

CASE NUMBER:      2:11-CR-21                                                       Judgment - Page 6 of 6
DEFENDANT:        Mark Alan Lindgren

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth.  The special assessment shall be due immediately and payable to the Clerk, U.S. District Court.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 200.00   | $ 0  | $ 6,000.00  |

## RESTITUTION

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee & Address | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Thomas M. Watson<br>Cusack, Gilfillan and O'Day, LLC<br>"Cindy" Series | $2,000.00 | $2,000.00 | |
| Marsh Law Firm<br>"Amy" a victim of the "Misty" Series | $2,000.00 | $2,000.00 | |
| Carol L. Hepburn, P.S.<br>"Vicky" Series | $2,000.00 | $2,000.00 | |
| TOTALS: | $6,000.00 | $6,000.00 | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

in full immediately.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

- One HP Pavilion a6330f desktop computer, Serial Number CNH7460W5J;

- One Western Digital My Book external drive; Serial Number WCAU41578902;

- One Toshiba USB thumb drive, Serial Number 74711906960HM8H, 2 GB; and

- One DVD+R

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.